IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Samantha G. Jennings, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>Jo Anne B. Barnhart, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | C/A No. 4:04-2169-JFA-TER<br><br>**ORDER** |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 83.VII.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the Recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The plaintiff, Samantha G. Jennings, brings this action pursuant to Section 205(g) of

1

the Social Security Act as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her claims for Disability Insurance Benefits ("DIB").

The plaintiff first applied for DIB in October 2001, alleging inability to work since October 14, 1999. Her claim was denied initially and on reconsideration. The Administrative Law Judge ("ALJ") issued a decision on January 23, 2004 finding that the plaintiff was not disabled and making the following findings:

1. The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(l) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR §404.1520(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR § 404.1527).

7. The claimant has the residual functional capacity to perform sedentary exertional level.

8. The claimant is unable to perform any of her past relevant work (20 CFR § 404.1565).

9. The claimant is a "younger individual" (20 CFR § 404.1563).

10. The claimant has a "high school (or high school equivalent) education" (20 CFR § 404.1564).

11. Although the claimant's exertional limitations do not allow her to perform the full range of sedentary work, using Medical-Vocational Rule 201.29 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform.

12. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(f)).

The Appeals Council denied plaintiff's request for review on April 28, 2004, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review under 205(g) of the Act.

The plaintiff was 36 years old at the time of the ALJ's decision. She has a GED, the equivalent of a high school education. She has relevant work experience as an exterminator, telemarketer, auto parts salesperson, route salesperson, restaurant manager, house cleaner, grocery store price integrity specialist, and grocery store assistant department manager. She alleges disability due to lateral meniscus tears in both knees, chondromalacia, trochanter bursitis in both hips, fibromyalgia, cubital tunnel syndrome, and ulnar nerve subluxing.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir.

1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See, *e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The United States Magistrate Judge to whom this matter was referred has filed a detailed Report recommending that the Commissioner's decision be affirmed and that the ALJ's findings are supported by substantial evidence.

The parties were advised of their right to file specific written objections to the Report and Recommendation ("Report") which was entered on July 26, 2005. The plaintiff has filed a two-page objection memorandum, asking the court to perform a *de novo* review of the

following findings and recommendations of the Magistrate Judge:

1.  That the Commissioner's decision to deny the plaintiff DIB was supported by substantial evidence despite finding a combination of severe impairments;

2.  That the ALJ properly considered plaintiff's combination of impairments in determining that she was not disabled; specifically the fact that plaintiff could perform sedentary work despite objective medical evidence which supports her complaints of pain and mental impairment;

3.  That the ALJ properly determined that the plaintiff's impairment or combination of impairments did not meet or medically equal the criteria set forth in the Listing of Impairments set forth in 20 CFR Part 404;

4.  That the ALJ properly considered all of the evidence, medical and nonmedical (specifically the manifestations of her diseases in combination), in determining the credibility of plaintiff's subjective complaints; and

5.  That the ALJ did not err in accepting the testimony of the Vocational Expert's opinion that plaintiff could perform sedentary jobs and the limitations of grip strength were of no consequence to her ability to perform said jobs.

In her brief, the plaintiff states as her argument: Is the Commissioner's decision that [Ms. Jennings] is not disabled supported by substantial evidence and correct under controlling law? The plaintiff further asserts that the ALJ incorrectly determined that the plaintiffs allegations of disabling pains and limited functional capacity were not credible because her allegations are supported by the majority of medical and testimonial evidence in the record. The Commissioner argues that the ALJ's decision was based on substantial evidence.

The Magistrate Judge's Report provides a comprehensive review of the medical reports, and the standards and factors which the ALJ must consider in his disability determination and assessment of complaints of pain which the court will not duplicate here.

The Magistrate Judge opines that the ALJ's credibility determination is supported by substantial evidence, that the ALJ considered plaintiff's mental impairments, and that the objective medical evidence does not support the plaintiff's allegations. The Magistrate Judge further opines that the ALJ considered the physical and mental evidence, the medical record and the level of plaintiff's activity, to indicate that the combination of the plaintiff's impairments did not indicate the plaintiff was totally disabled for all work activity.

The plaintiff's general objections identify and reiterate the issues raised in her complaint which have already been addressed by the Magistrate Judge in his Report. The court respectfully overrules the objections.

Having reviewed the findings of the ALJ, the Magistrate's Report, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation is proper and should not be disturbed. Accordingly, the court adopts the Report and Recommendation of the Magistrate Judge and the Commissioner's decision is affirmed.

IT IS SO ORDERED.

/s/ Joseph F. Anderson, Jr.
United States District Judge

August 16, 2005
Columbia, South Carolina